IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SOUDERTON AREA FOR ALL; PATRICK KITT; CHRISTOPHER SPIGEL; HELEN SPIGEL; MAUREEN KRATZ; AND HEATHER YOUNG, | ELECTRONICALLY FILED |
| *Plaintiffs*, | CIVIL ACTION NO. _____ |
| v. | JURY TRIAL DEMANDED |
| SOUDERTON AREA SCHOOL DISTRICT, | |
| *Defendant*. | |

## VERIFIED COMPLAINT

The Souderton Area School District ("District" or "SASD"), in response to community backlash over lewd and offensive social media comments by School Board Member William Formica, cracked down on criticism by restricting demonstrations on school property, requiring photo identification to attend its school board meetings, and ultimately banning three individuals from school property for making disparaging comments about Mr. Formica.

When residents of and taxpayers within the District learned in August of Mr. Formica's comments—lewdly belittling Vice President Kamala Harris, disparaging teachers and non-English speakers, and deriding diversity training programs—they organized to promote shared values in the District, while using the District's slogan—"Character Counts"—as their own.

Plaintiff Souderton Area For All ("SAFA") encouraged its members to attend District board meetings and demand Mr. Formica's resignation. SAFA has been organizing demonstrations at school board meetings since August, but school officials have repeatedly refused to allow SAFA to hold their protests on school property and instead have forced dissenting demonstrators to stand

1

along the edge of a busy road far from the entrance to the meeting. But the District did allow supporters of the board to gather near the building entrance, pray, and sing religious songs at its August meeting.

Due to the increased attendance anticipated at the August 29th school board meeting, the District moved the meeting location to a middle school auditorium with a capacity of approximately 550 people. Despite high attendance at that meeting, the District moved subsequent meetings back to the administration building, which only holds about 110 people, and instituted a photo identification requirement for attendees, purportedly to give priority to residents of the District. As a result, Plaintiffs Maureen Kratz, Helen Spigel, and Heather Young, were turned away from September board meetings that reached capacity because they did not have photo identification with them.

Finally, the District sent letters to Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel threatening them with arrest for trespass if they entered school property for the remainder of the 2024-25 school year. According to the District, it imposed the property ban because of comments the individuals made to a school board member criticizing Mr. Formica in a school parking lot following the September 26 board meeting. The District instituted the ban despite the fact that none of these individuals were arrested or charged with a crime and without providing any due process whatsoever for the individuals, two of whom are parents with children in the District and one of whom is a 2023 graduate with a sibling in the District. As a result, these plaintiffs are prohibited from attending school board meetings and other public events on school property and must provide advance notice and remain in their vehicles any time they pick up or drop off their children at school.

The District's actions are intended to chill criticism of the school board, and in particular Mr. Formica. The District has violated and is continuing to violate the First Amendment rights of SAFA to hold demonstrations on school property. It has engaged in viewpoint discrimination by allowing the expression of speech supportive of school board members on school property while prohibiting speech critical of board members. It also violated the free-speech rights of Plaintiffs Maureen Kratz, Helen Spigel, and Heather Young to attend and comment at school board meetings by giving priority access to people with photo ID. Finally, the District is continuing to violate the First and Fourteenth Amendment rights of Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel by prohibiting them from attending school board meetings and other events open to parents or the public on school property without providing any due process.

Accordingly, Plaintiffs bring this Complaint for declaratory, injunctive, and monetary relief to address the District's unlawful and unconstitutional actions.

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367.  Declaratory relief is authorized by 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.  Injunctive relief is authorized by Federal Rule of Civil Procedure 65.

2.    This Court has personal jurisdiction over the defendant, which is located in the Eastern District of Pennsylvania.

3.    Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b) in that at least one defendant resides here, a substantial part of the events or omissions giving rise to this suit occurred here, and/or any one of the defendants may be found here.

## II.    PARTIES

4.      Plaintiff Souderton Area For All ("SAFA") is a nonpartisan coalition of residents, taxpayers, and current or former students of the Souderton Area School District that is incorporated under 26 U.S. Code § 501(c)(3).

5.      Plaintiff Christopher Spigel is the father of a student who attends Souderton Area High School in the Souderton Area School District. Mr. Spigel is a resident of the Souderton Area School District.

6.      Plaintiff Helen Spigel is a former student within the District, and the daughter of Plaintiff Christopher Spigel. Ms. Spigel lives with her mother, father and sibling, who is a student in the District. Ms. Spigel is a resident of the Souderton Area School District.

7.      Plaintiff Patrick Kitt is the father of a student who attends Souderton Area High School in the Souderton Area School District. Mr. Kitt is a resident of the Souderton Area School District.

8.      Plaintiff Maureen Kratz is a resident of the Souderton Area School District.

9.      Plaintiff Heather Young is a taxpayer of the Souderton Area School District.

10.      Defendant Souderton Area School District ("District" or "SASD") is a political subdivision of the Commonwealth of Pennsylvania located in Montgomery County. The District maintains its administrative offices at 760 Lower Road, Souderton, PA 18964.

11.      Plaintiffs have been—and continue to be—subject to the Defendant's customs, policies, and practices complained of herein.

## III.    FACTUAL BACKGROUND

### A.    The District's School Board

12.    The Board of School Directors of Souderton Area School District ("Board") is composed of nine elected members.

13.    The Board holds regular meetings that are subject to the requirements of the Pennsylvania Sunshine Act, 65 Pa. C.S. § 701 *et seq.*, creating a limited public forum for First Amendment purposes.

14.    These meetings include a monthly "Work Session" meeting that "usually" takes place on "the second Wednesday of the month," for "all Board members to gather and discuss and/or review items related to the five Board Committees: Education-Personnel, Finance, Operations, Policy and Technology."[1]

15.    The Board also holds a monthly "Action Meeting – usually the fourth Thursday of the month, (sic) to vote on discussed topics/decisions necessary for the well-being of the District."[2]

16.    "All meetings [within the District] are open to the public,"[3] as required by the Pennsylvania Sunshine Act, 65 Pa. C.S. § 704.

17.    Board meetings are typically held at the District Administrative Office Building, in the Tinner Board Room, 760 Lower Road, Souderton, PA" ("Tinner Board Room").[4]

18.    The Tinner Board Room can accommodate about 110 people.

---

[1] *Board Meetings*, Souderton Area School District (last accessed Oct. 29, 2024), https://www.soudertonsd.org/about/school-board/meetings.

[2] *Id.*

[3] *Id.*

[4] *Id.*

19.    The District has also held meetings in other District spaces that can accommodate more people, including a meeting on August 29, 2024, in the auditorium at Indian Valley Middle School ("Auditorium"), which can accommodate about 550 people.

**B.    The District Restricts Demonstrations on School Property and Imposes a Photo ID Requirement to Attend the Board's Meetings**

*August 29, 2024, Board Meeting*

20.    The Board moved its August 29, 2024, Action Meeting to the Auditorium to accommodate a larger-than-usual number of attendees.

21.    More than 500 people attended the August 29 meeting, many of whom were upset about offensive remarks made in a social media post by Board Member Formica about Vice President Kamala Harris.[5]

22.    Community members were also upset by remarks Mr. Formica made denigrating teachers, non-English speakers, and diversity training programs.[6]

23.    Prior to the meeting, Mr. Formica sent an open letter to the school community apologizing for his remarks and indicating that he would reiterate his apology at the August 29 Board meeting.

24.    Plaintiff SAFA organized a rally at the August 29 Board meeting intended to express their disapproval of Mr. Formica's remarks and to demand his resignation from the Board.

25.    Plaintiffs Maureen Kratz and Christopher Spigel participated in the rally.

---

[5] *See* Charles Watson, *Souderton parents demand resignation of school board member after lewd comment about Kamala Harris*, 6 ABC (Aug. 15, 2024), https://6abc.com/post/souderton-parents-demand-resignation-board-member-made-lewd-comment-vp-harris/15187677/.

[6] Maddie Hanna, *Souderton school board member tells angry residents his lewd Kamala Harris comment 'is being twisted by my opposition'*, THE PHILADELPHIA INQUIRER (Aug. 29, 2024), https://www.inquirer.com/education/bill-formica-posts-souderton-school-board-20240829.html.

26.    About 75 people attended the rally, which featured about 6 or 7 speakers and lasted about 30 minutes.

27.    Prior to the rally, Assistant Superintendent Christopher Hey told SAFA that it was not permitted to hold the demonstration on District property and would have to hold it on the public sidewalk adjacent to Maple Avenue.

28.    The public sidewalk is about 80 feet away from the entrance to Indian Valley Middle School building.

29.    In accordance with Dr. Hey's instruction, SAFA held its protest on the sidewalk a significant distance from the location where people were waiting to enter the Board's meeting.

30.    Meanwhile, individuals demonstrating in support of Mr. Formica and the Board were allowed to stage a counter-protest a few feet from the entrance to the Auditorium prior to the start of the August 29 Board meeting.

31.    The District-supportive group was led by Kaitlin Derstine of Soudy Strong Conservatives and included her husband, Aaron Derstine of Eagles' Wings, and approximately two dozen others.

32.    Aaron Derstine is a religious minister affiliated with a nonprofit known as Eagles' Wings, which is headquartered in New York State.

33.    Kaitlin Derstine is also the founder of Indian Valley Conservative Voice, which is "a grassroots group of conservatives that work to preserve and grow conservative values in the Indian Valley…by advocating in [their] school district…."[7]

34.    While demonstrating on District property, the group led by Aaron and Kaitlin

---

[7]    Indian    Valley    Conservative    Voice's    website    is    available    at: https://www.ivconservativevoice.org/ (last accessed Sept. 26, 2024).

Derstine sang religious songs, played the guitar, and prayed.

35.    Meanwhile, the District-opposing protestors participating in Plaintiff SAFA's demonstration were relegated to the sidewalk adjacent to the school, as previously instructed by District administrators.

36.    No District official or employee instructed the District-supportive individuals to move or made any attempt to remove them from school property

37.    As a result, the District-supportive individuals were permitted to express themselves on public school property just before the public meeting.

38.    Plaintiff SAFA was not permitted to demonstrate on District property.

39.    The District acted in a manner calculated to restrict viewpoints in opposition to the Board and its members by requiring those opposing the Board to be banned from school grounds, while permitting those supporting the Board to remain.

40.    Upon information and belief, these actions were intended to ban the SAFA protestors because of their viewpoint in opposition to actions taken by the Board and/or its members.

41.    After this viewpoint-based discrimination occurred, Plaintiff Kratz visited the Franconia Police Department.

42.    She spoke to Officer Eric Frary and inquired as to what her First Amendment rights were to demonstrate prior to a public meeting on school district property.

43.    After that conversation, Officer Frary called Ms. Kratz and stated that he reached out to the District.

44.    Officer Frary further stated that the District said it would designate a space for protestors to demonstrate on school grounds.

45.     That has not happened. To date, District policy and/or practice does not permit individuals to demonstrate on its property prior to the Board's meetings.

46.     Upon information and belief, there exists no District policy that governs demonstrations on District property outside the Board's meetings—though Policy 903 addresses demonstrations and the use of signs *inside* the Board's meetings.

*September 11 and 26, 2024, Board Meetings*

47.     The Board held a Work Session in the Tinner Board Room on Wednesday, September 11, 2024, starting at 6:30 pm.

48.     Plaintiff SAFA organized a demonstration in opposition to the Board on District property prior to the meeting.

49.     Police officers employed by or acting on behalf of the District told SAFA that it could not hold their demonstration on District property.

50.     District officials ordered SAFA to relocate its protest to the shoulder of Lower Road—more than 600 feet away from the entrance to the Administrative Office Building.

51.     The SAFA demonstrators complied with the District's order to avoid more threats from the District and/or police intervention.

52.     Shortly thereafter, Franconia Township Police officers asked the SADA demonstrators to move from the shoulder due to safety concerns with the location.

53.     There is no sidewalk between the grassy shoulder and the District's property.

54.     Caught between safety concerns raised by local police and the District's prohibition on demonstrating on school property, SAFA moved its protest to the edge of the grassy shoulder that abuts the District's property.

55.     In addition to prohibiting SAFA from protesting on District property, the District began requiring photo identification as a prerequisite to attending its public meetings.

56.     This practice began without warning or the enactment of a formal policy. Instead, police officers employed by or acting on behalf of the District announced the new photo identification requirement at the door of the September 11, 2024, meeting.

57.     The District claimed the photo identification requirement was designed to "give priority seating to residents first, and employees, and the press."[8]

58.     But many attendees were unaware that they would need to bring identification—resulting in them being turned away from the meeting after capacity was reached despite their status as residents and taxpayers.

59.     Plaintiff Maureen Kratz was unable to attend the September 11 meeting because she did not have photo ID with her.

60.     SAFA organized another demonstration prior to the Board's Action Meeting on Thursday, September 26, 2024, which was held in the Tinner Board Room.

61.     To avoid threats from the District, SAFA protested on the edge of the grassy shoulder.

62.     The District again required photo identification as a prerequisite to attending its public meetings, raising both Sunshine Act and First Amendment concerns.

---

[8] Maddie Hanna, *Souderton school board to check IDs as residents continue to call for Bill Formica to resign because of social media post*s, THE PHILADELPHIA INQUIRER (Sep 26, 2024), https://www.inquirer.com/education/souderton-school-board-checking-id-bill-formica-20240926.html.

63.    At this meeting, Plaintiffs Helen Spigel and Heather Young did not have photo identification on their persons.

64.    As a result, Ms. Spigel and Ms. Young were denied access to the Board meeting once it reached capacity.

65.    At the Board's October 10, 2024, meeting, Police Officer Diehl, employed by or acting on behalf of the District, told Elise Bowers, a SAFA member, that she could not stand on school property because she was wearing a sandwich board with the text "Hey Hey, Ho Ho" on the front and "Bill Formica has got to go" on the back.

66.    Officer Diehl initially said the text on the front of Ms. Bowers' sandwich board was okay to display but the message on the back could not be presented while she waited in line for admission to the Board meeting.

67.    Shortly thereafter, Officer Diehl returned and explained to Ms. Bowers that she could not display either side of the sandwich board on District property.

68.    District residents and taxpayers who were unable to attend meetings due to a lack of identification filed a lawsuit against the District on October 7, 2024, claiming that the identification requirement violates the Sunshine Act.

69.    They incurred legal fees and costs in filing that lawsuit.

70.    The District has since ceased enforcing the identification requirement at public school board meetings.

**C. The District Bans Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel from School Property**

71.     The District's restrictions on expression escalated in response to an interaction between a Board member and protesters after the September 26, 2024, meeting.

72.     As Mr. Formica, fellow school board member Kim Wheeler, and Ms. Wheeler's teenage daughter left that meeting, they were met by protesters making cricket noises and commenting that the school board's silence signified complicity in Mr. Formica's misconduct. Plaintiffs Mr. Kitt and Mr. Spigel, parents of children who attend SASD schools, as well as Plaintiff Ms. Spigel, were among those protesters.

73.     The plaintiffs involved stood several parking spaces away from the school board members' cars to ensure they would not block them from exiting the grounds.

74.     Mr. Spigel, assuming that the teenager was Mr. Formica's daughter, asked if she was aware of her father's controversial social media comments.

75.     Ms. Wheeler then escorted the teenager to her car, confronted the protesters for making comments to her child and pointed her fingers in Mr. Kitt's and Mr. Spigel's faces.

76.     Mr. Kitt told Ms. Wheeler that he was not speaking to her or her child.

77.     Ms. Wheeler then got in her car and left the parking lot.

78.     Two weeks later, on October 10, 2024, the District, through its solicitor, Jeffrey Sultanik, sent letters to Mr. Kitt, Mr. Spigel, and Ms. Spigel informing each of them that "you are not permitted to be present on any School Property through the close of the 2024-2025 school year."  The October 10, 2024, letters are attached as Exhibit A.

79.     The letters state: "Please consider this notice to comply with the requirements of 18 Pa. C.S. § 3503(b) (unlawful trespass) and to serve as official communication from the District to you."

80.     The letters to Plaintiffs Mr. Kitt and Mr. Spigel, who have children who attend District schools, instruct them that "in the event that you need to drop off or pick up your child or children by automobile on School Property, you may drive onto School Property and **remain in your car** – you will have to call the Main Office and your child will be welcomed into school or sent out to you in your car, at which time you are to immediately leave the School Property." *Id.* (emphasis in original).

81.     According to the letters, the District banned the plaintiffs involved from its property for comments they made to Ms. Wheeler and her daughter that were critical of Mr. Formica. *Id.*

82.     The District claimed that these comments were made by the plaintiffs involved at approximately 8:30 p.m. following the September 26 Board meeting in the outdoor parking lot adjacent to the School Administration Facility. *Id.*

83.     No Plaintiff was arrested or charged with any crime in connection with the events of September 26.

84.     Upon information and belief, neither Ms. Wheeler nor her teenage daughter sought or were granted a restraining order against any Plaintiff.

85.     None of the plaintiffs involved were provided an opportunity to be heard either before or after the District sent the letter banning them from school property.

86.     Mr. Kitt's spouse serves on the board of SAFA. Mr. Spigel's spouse, who is also Ms. Spigel's mother, also serves on the board of SAFA.

87.     Plaintiffs' counsel contacted Mr. Sultanik on October 21, 2024, on behalf of Mr. Kitt and Mr. Spigel to advise the District that banning them from school property without any due

process violated their rights under the First and Fourteenth Amendments.  The October 21, 2024 letter is attached as Exhibit B.

88.    Counsel for Plaintiffs asked Mr. Sultanik to confirm that Mr. Kitt and Mr. Spigel would be permitted to attend important upcoming events on school property, including a parent participation meeting, an upcoming school board meeting, and the fall student play. *Id.*

89.    Mr. Sultanik stated in an October 21, 2024, email to plaintiffs' counsel that "the district will allow your clients to attend the parent participation meeting and the fall student play mentioned in your communication.  … In all other respects, the cease and desist orders remain in full force and effect." The October 21, 2024, email is attached as Exhibit C.

90.    Mr. Sultanik clarified the next day in response to a question from plaintiffs' counsel about whether plaintiffs were permitted to attend school board meetings that "the cease-and-desist letters still bar their attendance at public meetings." The October 22, 2024, email is attached as Exhibit C.

91.    Accordingly, the District has banned plaintiffs from attending School Board meetings for the remainder of the school year without providing any due process.

92.    The District does not produce an official livestream of its meetings for the public.

93.    The only way to attend a Board meeting is to be physically present.

94.    This ban has stripped Plaintiffs of the opportunity to speak on issues of public concern at School Board meetings and the opportunity to hear from School Board members and members of the public at School Board meetings.

95.    As a consequence of the District's aforementioned policies or practices, Plaintiffs were deprived of their free speech and due process rights under the First and Fourteenth Amendments to the U.S. Constitution and Article I, Section 7 of the Pennsylvania Constitution.

## IV.    CLAIMS

### Count I
### Free Speech Clause, First Amendment to the U.S. Constitution
### (on behalf of Patrick Kitt, Christopher Spigel, and Helen Spigel)

96.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth at length herein.

97.    The Pennsylvania Sunshine Act requires meetings of school boards to be open to the public and to provide an opportunity for residents and/or taxpayers of the district to comment on matters that are or may reasonably come before the board.

98.    Accordingly, meetings of the School Board are limited public fora for such comment.

99.    The District's categorical exclusion of Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel from School Board meetings is an unreasonable restriction on speech in violation of their First Amendment rights because it is not narrowly tailored to serve important governmental interests and does not leave open ample alternatives for Plaintiffs to communicate about matters that are or may reasonably come before the Board.

100.    The District's ban on Plaintiffs' attendance at School Board meetings for the remainder of the school year prevents Plaintiffs from commenting at School Board meetings in violation of their First Amendment right to free speech.

101.    The District's ban on Plaintiffs' attendance at School Board meetings for the remainder of the school year also prevents them from hearing what Board members and members of the public say at meetings, in violation of their First Amendment right to free speech.

**Count II**
**Due Process Clause, Fourteenth Amendment to the U.S. Constitution**
**(on behalf of Patrick Kitt, Christopher Spigel, and Helen Spigel)**

102.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth at length herein.

103.    The due process clause of the Fourteenth Amendment requires government agencies to provide individuals notice and an opportunity to be heard before they are deprived of their rights.

104.    The District has not provided Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel with any opportunity to be heard regarding the District's alleged basis for banning them from school property, including public School Board meetings, through the close of the 2024-2025 school year.

105.    The ban deprives them of their First Amendment right to attend and engage in public comment at School Board meetings without due process in violation of their Fourteenth Amendment rights.

**Count III**
**Free Speech Clause, First Amendment to the U.S. Constitution**
**(on behalf of Patrick Kitt, Christopher Spigel, and Helen Spigel)**

106.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth at length herein.

107.    The District banned Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel from school property for critical comments they made about Board Member Formica in a parking lot following a Board meeting.

108.    Plaintiffs' comments criticizing a public official were protected speech under the First Amendment to the U.S. Constitution.

109.    Banning an individual from school property, including school board meetings, would deter a person of ordinary firmness from engaging in protected activity.

110.    The District's ban violated Plaintiffs' First Amendment right to be free from government retaliation for engaging in protected speech.

**Count IV**
**Free Speech Clause, First Amendment to the U.S. Constitution**
**(on behalf of all Plaintiffs)**

111.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth at length herein.

112.    When government agencies open up their property for use by individuals, they create a "designated" or "limited" public forum.

113.    Regardless of whether the District created a designated or limited public forum, the District is not permitted to discriminate against speech on the basis of viewpoint and any restrictions on speech in the forum must be reasonable.

114.    The District, by allowing individuals supporting the School Board to demonstrate on school property but prohibiting individuals opposing the School Board to demonstrate on school property, engaged in unconstitutional viewpoint discrimination.

115.    The District's policy or practice of prohibiting demonstrations on school property prior to public School Board meetings is an unreasonable restriction on speech in light of the purposes served by the forum.

116.    The District's policy or practice of prohibiting demonstrations on school property prior to public School Board meetings fails to leave open sufficient alternative channels of communication.

117.    The District's policy or practice of prohibiting demonstrations on school property prior to public School Board meetings does not serve any rational, legitimate, significant, or compelling governmental interest.

118.    The District's refusal to allow Plaintiffs to demonstrate on school property prior to School Board meetings is viewpoint-discriminatory, unreasonable, and not narrowly tailored to any rational, legitimate, significant, or compelling governmental interest.

**Count V**
**Article I, § 7 of the Pennsylvania Constitution**
**(on behalf of all Plaintiffs)**

119.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth at length herein.

120.    Article I, § 7 of the Pennsylvania Constitution states that "[t]he free communication of thoughts and opinions is one of the invaluable rights of man, and every citizen may freely speak, write, and print on any subject, being responsible for the abuse of that liberty."

121.    The District's refusal to allow Plaintiffs to demonstrate on school property prior to School Board meetings violates Article I, Section 7 of the Pennsylvania Constitution.

18

**Count VI**
**Free Speech Clause, First Amendment to the U.S. Constitution**
**(on behalf of Plaintiffs SAFA, Helen Spigel, Kratz, and Young)**

122.    Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth at length herein.

123.    The District's requirement that individuals present photo identification to attend board meetings does not comply with the Pennsylvania Sunshine Act and caused Plaintiff Kratz to be denied admission to the September 11, 2024, School Board meeting and Plaintiffs Helen Spigel and Young to be denied admission to the September 26, 2024, School Board meeting.

124.    As a result, these Plaintiffs were unable to exercise their First Amendment rights to offer public comment on non-agenda items at the meeting and to hear comments by board members and the public.

## V.    PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing, Plaintiffs respectfully request the following:

(a)    An order declaring that Defendant's decision to ban Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel from school property is unconstitutional under the Free Speech Clause of the First Amendment;

(b)    An order declaring that Defendant's decision to ban Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel from school property without providing an opportunity to be heard is unconstitutional under the Due Process Clause of the Fourteenth Amendment;

(c)    An order declaring that the District's policy or practice of prohibiting all demonstrations on school property prior to public School Board meetings is

unconstitutional under the First Amendment to the U.S. Constitution and Article I, Section 7 of the Pennsylvania Constitution;

(d)   An order declaring that the District's policy or practice of requiring individuals wishing to attend School Board meetings to show photo identification is unconstitutional under the First Amendment to the U.S. Constitution;

(e)   An order preliminarily and thereafter, permanently, enjoining Defendant and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with them, from continuing to unlawfully deny Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel access to school property.

(f)   An order permanently enjoining Defendant and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with them, from continuing to unlawfully enforce its policy or practice of prohibiting demonstrations on school property prior to public School Board meetings.

(g)   An order permanently enjoining Defendant and its officers, agents, affiliates, subsidiaries, servants, employees, successors, and all other persons or entities in active concert or privity or participation with them, from requiring individuals to show photo identification to attend public School Board meetings.

(h)   Entry of judgment for Plaintiffs against Defendant for compensatory damages and/or nominal damages for the violation of Plaintiffs' rights under the U.S. Constitution in an amount to be determined by the Court;

(i)     An award from Defendant to Plaintiffs of reasonable attorneys' fees and costs

incurred in connection with this action, pursuant to 42 U.S.C. § 1988; and

(j)     Such further and different relief as is just and proper.


Dated: November 20, 2024                          Respectfully Submitted,


                                    By:     */s/ Sara J. Rose*_____
                                            Sara J. Rose
                                            PA Bar No. 204936
                                            ACLU OF PENNSYLVANIA
                                            P.O. Box 23058
                                            Pittsburgh, PA 15222
                                            srose@aclupa.org

                                            Solomon Furious Worlds
                                            PA Bar No. 333677
                                            Kirsten M. Hanlon
                                            PA Bar No. 336365
                                            ACLU OF PENNSYLVANIA
                                            P.O. Box 60173
                                            Philadelphia, PA 19102
                                            sfworlds@aclupa.org
                                            khanlon@aclupa.org


                                            Joy Ramsingh
                                            PA Bar No. 326874
                                            Emily Morgan
                                            PA Bar No. 335485
                                            RAMSINGH LEGAL, PLLC
                                            336 Cumberland Street, Suite W
                                            Lebanon, PA 17042
                                            joy@ramsinghlegal.com
                                            emily@ramsinghlegal.com

## VERIFICATIONS

      I declare under penalty of perjury under the laws of the United States of America that the foregoing paragraphs of the Verified Complaint are true and correct.

_/s/ Stephanie Jamison_
President, Souderton Area For All

_/s/ Patrick Kitt_

_/s/ Christopher Spigel_

_/s/ Helen Spigel_

_/s/ Maureen Kratz_

_/s/ Heather Young_

# EXHIBIT A

**October 10, 2024, Souderton Area School District (SASD) letter to Patrick Kitt**



980 Jolly Road, Suite 110
PO Box 3001
Blue Bell, PA 19422
📞 610.397.6500  📠 610.397.0450
WWW.FOXROTHSCHILD.COM

JEFFREY T. SULTANIK
Direct No: 610.397.6515
Email: jsultanik@foxrothschild.com

October 10, 2024

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**VIA FIRST CLASS MAIL**

Mr. Patrick Kitt

▮▮▮▮▮▮▮▮▮

Re:   **Souderton Area School District Property – Cease and Desist Communication**

Dear Mr. Kitt:

Our firm is General Counsel and Solicitor to the Souderton Area School District ("the District"). The District has asked us to review and investigate your recent behavior that took place on Thursday, September 26, 2024, at the District's Administration Facility located 760 Lower Road, Souderton, PA 18964 ("the School Property").

Based upon all of the information we have received, we understand that at *approximately* 8:30 *p.m.* on September 26, 2024, as Kim Wheeler, a Souderton Area *School District* Board Member, and her daughter were leaving the District Administration Facility behind Board Member Bill Formica through the back exit of the Souderton Area School District Administration Facility, you and Christopher Spigel stood close to Kim Wheeler's car and started to scream at both Kim Wheeler and her daughter. It is my understanding that you and Christopher Spigel began screaming erroneously believing that Kim Wheeler's daughter was Bill Formica's daughter. You screamed: "Tell your father he's an asshole" and "Tell her dad he's a fascist and needs to resign."

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Georgia   Illinois   Massachusetts   Minnesota   Missouri
Nevada   New Jersey   New York   North Carolina   Oklahoma   Pennsylvania   South Carolina   Texas   Washington

163584405.1

**October 10, 2024, Souderton Area School District (SASD) letter to Patrick Kitt**



Mr. Patrick Kitt
October 10, 2024
Page 2

We are also advised that Kim Wheeler admonished you to not speak to her daughter *because she is just a child and Bill Formica was not her father.* Yelling then ensued. Kim *Wheeler then told her daughter to get into the car and locked the car's doors* as Kim Wheeler approached you and Christopher Spigel, pleaded with both of you to stop saying these things in front of her daughter, and that both of you needed to leave as you were not supposed to be in the back parking lot.

The parking lot in that location was very dark and you pulled out a clicking toy and started clicking it very close to Kim Wheeler's face. Kim Wheeler asked you again to leave and move out of the way so that Kim Wheeler and her daughter could get home.

Another young girl then came up yelling, who we are advised was your daughter. One member of the District's security team came up and Kim Wheeler pleaded with them to remove the three individuals who were yelling at Kim Wheeler's daughter and Kim Wheeler and were trespassing. The District's officer stood in between you and Kim Wheeler and began slowly walking you up the hill so that Kim Wheeler could get safely to her car.

Your out-of-control behavior has no place on School Property, whether it be at the District Administration Facility or throughout the entire District.

*Your actions created a perceived threat of harm at the School Property.*

As a result of the above, the District has serious safety concerns for its staff and the community as the result of your inappropriate actions.

This is to advise you that the District has determined that you are not permitted to be present on any School Property through the close of the 2024-2025 school year.

In the event that you need to drop off or pick up your child or children by automobile on School Property, you may drive onto School Property and **remain in your car** – you will have to call the Main Office and your child will be welcomed into school or sent out to you in your car, at which time you are to immediately leave the School Property.

163584405.1

**October 10, 2024, Souderton Area School District (SASD) letter to Patrick Kitt**



Mr. Patrick Kitt
October 10, 2024
Page 3

Please consider this notice to comply with the requirements of 18 Pa. C.S. § 3503(b) (unlawful trespass) and to serve as official communication from the District to you.

Very truly yours,

Jeffrey T. Sultanik

JTS:slw

163584405.1



# Fox Rothschild

980 Jolly Road, Suite 110
PO Box 3001
Blue Bell, PA 19422
☎ 610.397.6500 ☏ 610.397.0450
WWW.FOXROTHSCHILD.COM

JEFFREY T. SULTANIK
Direct No: 610.397.6515
Email: jsultanik@foxrothschild.com

October 10, 2024

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**VIA FIRST CLASS MAIL**

Mr. Christopher Spigel

■■■■■■■■■■

**Re:** **Souderton Area School District Property – Cease and Desist Communication**

Dear Mr. Spigel:

Our firm is General Counsel and Solicitor to the Souderton Area School District ("the District"). The District has asked us to review and investigate your recent behavior that took place on Thursday, September 26, 2024, at the District's Administration Facility located 760 Lower Road, Souderton, PA 18964 ("the School Property").

Based upon all of the information we have received, we understand that at approximately 8:30 p.m. on September 26, 2024, as Kim Wheeler, a Souderton Area School District Board Member, and her daughter were leaving the District Administration Facility behind Board Member Bill Formica through the back exit of the Souderton Area School District Administration Facility, you and another individual stood close to Kim Wheeler's car and started to scream at both Kim Wheeler and her daughter. It is my understanding that you and this other individual began screaming erroneously believing that Kim Wheeler's daughter was Bill Formica's daughter. You screamed: "Tell your father he's an asshole" and "Tell her dad he's a fascist and needs to resign."

**Fox Rothschild**

Mr. Christopher Spigel
October 10, 2024
Page 2

We are also advised that Kim Wheeler admonished you to not speak to her daughter because she is just a child and Bill Formica was not her father. You once again began yelling at Kim Wheeler's daughter to: "Then tell your mother to stop staying silent and she's just as bad as Bill." Kim Wheeler then told her daughter to get into the car and locked the car's doors as Kim Wheeler approached you and the other man, pleaded with both of you to stop saying these things in front of her daughter, and you needed to leave as you were not supposed to be in the back parking lot.

You apparently then got very close to Kim Wheeler and started yelling at her, which caused her to become fearful.

The parking lot in that location was very dark and you pulled out a clicking toy and started clicking it very close to Kim Wheeler's face. Kim Wheeler asked you again to leave and move out of the way so that Kim Wheeler and her daughter could get home.

Another young girl then came up yelling, who we are advised was your daughter. One member of the District's security team came up and Kim Wheeler pleaded with them to remove the three individuals who were yelling at Kim Wheeler's daughter and Kim Wheeler and were trespassing. The District's officer stood in between you and Kim Wheeler and began slowly walking you up the hill so that Kim Wheeler could get safely to her car.

Your out-of-control behavior has no place on School Property, whether it be at the District Administration Facility or throughout the entire District.

Your actions created a perceived threat of harm at the School Property.

As a result of the above, the District has serious safety concerns for its staff and the community as the result of your inappropriate actions.

This is to advise you that the District has determined that you are not permitted to be present on any School Property through the close of the 2024-2025 school year.

October 10, 2024, Souderton Area School District (SASD) letter to Christopher Spigel



Mr. Christopher Spigel
October 10, 2024
Page 3

In the event that you need to drop off or pick up your child or children by automobile on School Property, you may drive onto School Property and **remain in your car** – you will have to call the Main Office and your child will be welcomed into school or sent out to you in your car, at which time you are to immediately leave the School Property.

Please consider this notice to comply with the requirements of 18 Pa. C.S. § 3503(b) (unlawful trespass) and to serve as official communication from the District to you.

Very truly yours,

Jeffrey T. Sultanik

JTS:shw

October 10, 2024, Souderton Area School District (SASD) letter to Helen Spigel



980 Jolly Road, Suite 110
PO Box 3001
Blue Bell, PA  19422
☎ 610.397.6500  🖷 610.397.0450
WWW.FOXROTHSCHILD.COM

JEFFREY T. SULTANIK
Direct No: 610.397.6515
Email: jsultanik@foxrothschild.com

October 10, 2024

**VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED**
**VIA FIRST CLASS MAIL**

Ms. Helen Spigel

████████████████

Re:     **Souderton Area School District Property – Cease and Desist Communication**

Dear Ms. Spigel:

Our firm is General Counsel and Solicitor to the Souderton Area School District ("the District").  The District has asked us to review and investigate your recent behavior that took place on Thursday, September 26, 2024, at the District's Administration Facility located 760 Lower Road, Souderton, PA 18964 ("the School Property").

Based upon all of the information we have received, we understand that at approximately 8:30 p.m. on September 26, 2024, you engaged in a loud and disruptive screaming match next to Kim Wheeler's car and screamed at not only Kim Wheeler, a Souderton Area School District Board Member, but her daughter.  Because of your disruptive yelling and trespassing on School Property, the District's officer stood in between you and Kim Wheeler and began slowly walking you up the hill so that Kim Wheeler could get safely to her car.

Your out-of-control behavior has no place on School Property, whether it be at the District Administration Facility or throughout the entire District.

Your actions created a perceived threat of harm at the School Property.

A Pennsylvania Limited Liability Partnership

| California | Colorado | Delaware | District of Columbia | Florida | Georgia | Illinois | Massachusetts | Minnesota | Missouri |
| Nevada | New Jersey | New York | North Carolina | Oklahoma | Pennsylvania | South Carolina | Texas | Washington |

163316102.2



Ms. Helen Spigel
October 10, 2024
Page 2

As a result of the above, the District has serious safety concerns for its staff and the community as the result of your inappropriate actions.

This is to advise you that the District has determined that you are not permitted to be present on any School Property through the close of the 2024-2025 school year.

Please consider this notice to comply with the requirements of 18 Pa. C.S. § 3503(b) (unlawful trespass) and to serve as official communication from the District to you.

Very truly yours,

Jeffrey T. Sultanik

Jeffrey T. Sultanik

JTS:slw

163316102.2

# EXHIBIT
# B

October 21, 2024

*Via email:* [jsultanik@foxrothschild.com](mailto:jsultanik@foxrothschild.com)

Jeffrey Sultanik
Fox Rothschild LLP
980 Jolly Road, Suite 110
P.O. Box 3001
Blue Bell, PA 19422

Re: Souderton Area School District Property – Cease and Desist
Communication

Dear Mr. Sultanik:



Eastern Region Office
PO Box 60173
Philadelphia, PA 19102
215-592-1513 T
267-573-3054 F

Central Region Office
PO Box 11761
Harrisburg, PA 17108
717-238-2258 T
717-236-6895 F

Western Region Office
PO Box 23058
Pittsburgh, PA 15222
412-681-7736 T
412-345-1255 F

We are writing in regard to letters dated October 10, 2024, that you sent on behalf of the Souderton Area School District informing Patrick Kitt and Christopher Spigel that they are prohibited from entering any school property through the close of the 2024-2025 school year. Imposing such a categorical ban on individuals' access to school property violates their free-speech and due-process rights. Accordingly, we ask that you immediately rescind the ban and allow Mr. Kitt and Mr. Spigel, who each have children who attend District schools, to enter school property for public events and any other purposes on the same terms as other parents with children who attend SASD schools.

First, barring Mr. Kitt and Mr. Spigel from school board meetings violates their First Amendment right to comment at those meetings. The School District creates a limited public forum for speech when hosting school board meetings and other functions to discuss school governance. *See Galena v. Leone*, 638 F.3d 186, 198-99 (3d Cir. 2011) (holding that a county council meeting was a limited public forum because "the meeting was held for the limited purpose of governing Erie County and discussing topics related to that governance."); *Barna v. Bd. of Sch. Directors of the Panther Valley Sch. Dist.*, 143 F. Supp. 3d 205, 213 (M.D. Pa. 2015), *aff'd in part, vacated in part on other grounds, remanded sub nom. Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136 (3d Cir. 2017) (holding that school district created a limited public forum by its public school board meetings). The government may regulate speech in limited public fora only if those regulations are viewpoint-neutral and reasonable in light of the purpose served by the forum. *Galena*, 638 F.3d at 198.

Categorical exclusion of individuals from limited public fora, such as school board meetings, is an unreasonable restriction on speech in violation of the First Amendment because it is not narrowly tailored to serve an important governmental interest and does not leave open ample alternatives. *See Barna*, 143 F. Supp. 3d at 216 (concluding that a school district's ban prohibiting the plaintiff from attending public school board meetings and from entering school district property violated his free speech rights); *Cyr v. Addison Rutland Supervisory Union*, 60 F. Supp. 3d 536, 548–50 (D. Vt. 2014) ("A categorical ban of a single individual from open school board meetings, however, is not narrowly tailored and does not leave open ample alternative channels of communication."); *Stevens v. School City of Hobart*, 2015 WL 4870789 (N.D. Ind. 2015) (holding an outright ban from school property imposed upon the plaintiff to be insufficiently tailored to grant the defendants' summary judgment motion); *Brown v. City of Jacksonville*, 2006 WL 385085 (M.D. Fla. 2006) (preliminarily enjoining city council's ban of the plaintiff from city council meetings because it was not narrowly tailored to achieve the significant government interest of running the meetings efficiently). Although protecting the safety of school staff and the community is "undoubtedly" a significant government interest, "a categorical ban on speech is not tailored at all, as it entirely forecloses a means of communication." *Cyr*, 60 F. Supp. 3d at 548. The School District banned Mr. Kitt and Mr. Spigel from its premises at all times during the 2024-2025 school year, with a narrow exception to drop off and pick up their children. Even if the ban served the School District's interest in protecting staff safety, which it does not, it is not narrowly tailored to that interest. *See id.* at 548-49 (noting that the school district could have tailored its restriction on speech by "draft[ing] a notice against trespass that was in effect only during school hours or post[ing] a police officer at public meetings").

The School District's ban forecloses an important means of communication of information. Courts have held that electronic or written communications are not acceptable alternatives to physical presence at meetings of a school board or city council. *See Cyr*, 60 F. Supp. 3d at 549 (noting that telephonic participation at a school board meeting "would have substantially diminished [plaintiff's] ability to communicate not only with the school board, but with community members"); *Brown*, 2006 WL 385085, at *4 (concluding that e-mails or letters delivered to the city council are not ample alternatives to in-person deliverance); *see also Kleindienst v. Mandel*, 408 U.S. 753, 765, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) (noting that there are "particular qualities inherent in sustained, face-to-face debate, discussion and questioning"). Moreover, "physical participation in open school board meetings is a form of local governance," so prohibiting individuals from being "present at such meetings to communicate directly with elected officials" violates their First Amendment right of free expression. *Cyr*, 60 F. Supp. 3d at 550; *cf. Flynn v. Big Spring Sch. Dist.*, No. 1:22-CV-00961, 2024 WL 4244832, at *9 (M.D. Pa. Sept. 19, 2024) (denying summary judgment as to a First Amendment right to petition claim based on a school district's decision to ban plaintiffs from school board meetings).

In addition to violating Mr. Kitt's and Mr. Spigel's First Amendment rights, the School District's unilateral ban deprives them of their "liberty interest 'to remain in a public place of [their] choice'" without any due process. *Kennedy v. City Of Cincinnati*, 595 F.3d 327, 336 (6th Cir. 2010) (city police officer violated individual's liberty interest in remaining in public places of his choice by banning him from all city recreational property without due process of law)

Page **3** of **3**

(quoting *City of Chicago v. Morales*, 527 U.S. 41, 54 (1999)). To determine whether the School District's deprivation of this right complied with due process, a court must balance the three factors identified in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Cyr*, 60 F. Supp. at 551 (applying the *Mathews* test to a school district's decision to ban the plaintiff from its property via a no trespass letter). These factors are:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335. Here, the School District's ban implicates both the constitutional right to freedom of expression and the liberty interest to enter and remain on government property that is open to the public. There is a high risk of erroneous deprivation because the School District's ban was not "issued to pursuant to any protocol," did not "set out a process to contest the ban," and did not provide Mr. Kitt and Mr. Spigel with "a meaningful opportunity to contest" the ban. *Cyr*, 60 F. Supp. 3d at 551. Allowing School District officials such broad discretion to ban members of the public from public events on school property is contrary to the ideal of fundamental fairness protected by the Fourteenth Amendment. The government interest in protecting the safety of its staff and community members "is not so overwhelming, taxing, or immediate that the [School District] did not have time to set out reasons for their decision and provide … an opportunity to be heard." *Id.* at 552.

We are writing to advise you that the School District's categorical ban on Mr. Kitt and Mr. Spigel from School Property violates their First and Fourteenth Amendment rights. There are many upcoming events occurring on school property that they wish to attend, including a parent participation meeting on October 23, the next school board meeting on October 24, and the fall student play on November 7-9. Please confirm within 24 hours of receiving this letter that Mr. Kitt and Mr. Spigel will be permitted to attend these important events. If we do not receive this confirmation, we will pursue other avenues necessary to protect their rights. If you have any questions, please contact Sara Rose at srose@aclupa.org or (412) 681-7736 x328.

Sincerely,


Sara J. Rose
Deputy Legal Director
ACLU of Pennsylvania

Joy Ramsingh
Emily Morgan
Ramsingh Legal, PLLC

# EXHIBIT
# C



Sara Rose <srose@aclupa.org>

## Re: [EXT] Souderton Area School District Property – Cease and Desist Communication

1 message

**Sultanik, Jeffrey T.** <JSultanik@foxrothschild.com>                    Tue, Oct 22, 2024 at 6:22 PM
To: Sara Rose <srose@aclupa.org>
Cc: "Bonekemper, Andrew W." <ABonekemper@foxrothschild.com>, "Gilsbach, Timothy E." <TGilsbach@foxrothschild.com>,
Joy Ramsingh <joy@ramsinghlegal.com>, "emily@ramsinghlegal.com" <emily@ramsinghlegal.com>

Mr. Spigel will be permitted to enter the school building for the purpose of voting on November 5.

**From:** Sara Rose <srose@aclupa.org>
**Sent:** Tuesday, October 22, 2024 10:17 AM
**To:** Sultanik, Jeffrey T. <JSultanik@foxrothschild.com>
**Cc:** Bonekemper, Andrew W. <ABonekemper@foxrothschild.com>; Gilsbach, Timothy E. <TGilsbach@foxrothschild.com>; Joy
Ramsingh <joy@ramsinghlegal.com>; emily@ramsinghlegal.com <emily@ramsinghlegal.com>
**Subject:** Re: [EXT] Souderton Area School District Property – Cease and Desist Communication

Thank you for clarifying. It has come to my attention that Mr. Spigel's polling place location is located at Oak Ridge
Elementary School. Please confirm that Mr. Spigel will be permitted to enter the school building for the purpose of voting
on November 5.

**Sara J. Rose** | Deputy Legal Director

Pronouns: she, her, hers

ACLU of Pennsylvania

P.O. Box 23058

Pittsburgh, PA  15222

412-681-7736 x328 | srose@aclupa.org

aclupa.org

*Are you a card-carrying member? Click here to support theACLU.*

On Mon, Oct 21, 2024 at 11:48 PM Sultanik, Jeffrey T. <JSultanik@foxrothschild.com> wrote:

> They can only attend the parent participation meeting and the fall play. The cease-and-desist letters still bar their
> attendance at public meetings given their aberrant behaviors.
>
> **From:** Sara Rose <srose@aclupa.org>
> **Sent:** Monday, October 21, 2024 11:07 PM
> **To:** Sultanik, Jeffrey T. <JSultanik@foxrothschild.com>
> **Cc:** Bonekemper, Andrew W. <ABonekemper@foxrothschild.com>; Gilsbach, Timothy E. <TGilsbach@foxrothschild.com>; Joy
> Ramsingh <joy@ramsinghlegal.com>; emily@ramsinghlegal.com <emily@ramsinghlegal.com>
> **Subject:** Re: [EXT] Souderton Area School District Property – Cease and Desist Communication

Thank you for your prompt response. Just to clarify, are Mr. Kitt and Mr. Spiel permitted to attend public meetings of the school board?

Sara

**Sara J. Rose** | Deputy Legal Director

Pronouns: she, her, hers

ACLU of Pennsylvania

P.O. Box 23058

Pittsburgh, PA  15222

412-681-7736 x328 | srose@aclupa.org

aclupa.org

*Are you a card-carrying member? Click here to support theACLU.*

On Mon, Oct 21, 2024 at 9:53 PM Sultanik, Jeffrey T. <JSultanik@foxrothschild.com> wrote:

> I acknowledge receipt of your email of 8:02am imposing a 24-hour deadline to rescind the cease-and-desist letters for Mr. Spigel and Mr. Kitt.  I find it very telling that nowhere in your three-page dissertation on the First and Fourteenth Amendments do you specifically rebut or address the threatening and intimidating behaviors directed to a female student who was so frightened by your clients' actions that she had to get into a car and shut the windows to prevent hearing their abusive actions.  None of these actions are constitutionally protected.
>
> The district action in directing me to issue cease and desist letters was not prompted by any viewpoint discrimination on the part of the district. Your clients caused a serious disturbance following a school board meeting that was unwelcome and unwarranted. Your constitutional arguments are merely a guise for uncontested bad conduct.
>
> Without prejudice to the district's position regarding the unacceptable behavior of your clients, the district will allow your clients to attend the parent participation meeting and the fall student play mentioned in your communication. This, of course, is subject to the general requirement applicable to all community members to engage in appropriate and non-threatening behaviors on school property.  In all other respects, the cease and desist orders remain in full force and effect.
>
> **From:** Sara Rose <srose@aclupa.org>
> **Sent:** Monday, October 21, 2024 8:00:00 AM
> **To:** Sultanik, Jeffrey T. <JSultanik@foxrothschild.com>
> **Cc:** Joy Ramsingh <joy@ramsinghlegal.com>; emily@ramsinghlegal.com <emily@ramsinghlegal.com>
> **Subject:** [EXT] Souderton Area School District Property – Cease and Desist Communication
>
> Attached is a letter demanding that SASD rescind the ban it unilaterally imposed barring two individuals from school property, which was communicated to the individuals by you via letter.
>
> Sara
>
> **Sara J. Rose** | Deputy Legal Director
>
> Pronouns: she, her, hers
>
> ACLU of Pennsylvania
>
> P.O. Box 23058

Pittsburgh, PA  15222

412-681-7736 x328 | srose@aclupa.org

aclupa.org

*Are you a card-carrying member? Click here to support theACLU.*

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.