**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SOUDERTON AREA FOR ALL; PATRICK KITT; CHRISTOPHER SPIGEL; HELEN SPIGEL; MAUREEN KRATZ; AND HEATHER YOUNG,** | **ELECTRONICALLY FILED** |
| ***Plaintiffs,*** | **CIVIL ACTION NO. 2:24-cv-06202** |
| **v.** | **JURY TRIAL DEMANDED** |
| **SOUDERTON AREA SCHOOL DISTRICT,** | **JUDGE MIA ROBERTS PEREZ** |
| ***Defendant.*** | |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO FILE UNDER SEAL**

Defendant Souderton Area School District ("District") has failed to overcome the presumption of public access to judicial records in seeking to shield documents related to the parties' settlement discussions from public disclosure. The District's claim that it must file these documents under seal to comply with this Court's verbal order prohibiting the parties from disclosing communications that occurred during the January 16, 2025, settlement conference is misplaced. Local Civil Rule 53.3 governs the use and disclosure of dispute resolution communications, and it provides no exception that would allow the District to use or disclose those communications by filing them under seal. The District's motion for leave to file under seal (ECF No. 38) is thus premature.

It is also without justification. The District admits that it has "no objection" to "these documents be[ing] publicly filed," beyond its concerns that public filing would "violate the Court's Order or otherwise imperil the settlement agreement in this matter." ECF No. 41, at 4.

Since neither Plaintiffs nor the District seek to seal these documents to protect their secrecy interests or to prevent "a clearly defined and serious injury," the Court cannot articulate the specific findings necessary to overcome "the strong presumption of openness inherent in the common law right of access." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).

**BACKGROUND**

Plaintiffs filed this lawsuit against the District on November 20, 2024, seeking declaratory and injunctive relief and damages for the violation of their rights under the First and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the Pennsylvania Constitution. ECF No. 1. Plaintiffs Patrick Kitt, Christopher Spigel, and Helen Spigel filed a motion for a temporary restraining order and/or preliminary injunction on the same day, seeking solely to enjoin the District from enforcing its threat to arrest them for trespass if they entered school property. ECF No. 5. The Parties engaged in a Court-facilitated settlement conference on January 16, 2025, during which the Court verbally ordered the parties to maintain the confidentiality of the contents of the settlement negotiations, as required by Local Civil Rule 53.3.

The District filed a Motion to Enforce Settlement on June 16, 2025. In support of its Motion to Enforce Settlement, the District submitted a brief and evidentiary documents under seal along with a motion for leave to file under seal and a brief in support thereof.[1] As justification for filing the brief and related documents under seal, the District cited this Court's verbal order during the January 16, 2025, settlement conference to the parties to maintain the

[1] The District filed its brief under seal without submitting a motion for leave to do so in violation of Local Civil Rule 5.1.5.

confidentiality of the contents of the settlement negotiations and a vague concern about imperiling the settlement agreement in this matter. ECF No. 41, at 4.

Confidentiality of settlement conferences is governed by Local Civil Rule 53.3, which provides that that all ADR processes subject to this rule, including mediation and settlement conferences, "shall be confidential, and disclosure ***or use*** by any person of dispute resolution communications is prohibited unless confidentiality has been waived by all participants in the ADR process, or disclosure is ordered by the assigned judge for good cause shown." L. Civ. R. 53.3(c) (emphasis added). Plaintiffs informed counsel for the District on June 19, 2025, and again on June 24, 2025, that merely filing the brief and other documents in support of its Motion to Enforce Settlement under seal was not sufficient to satisfy Local Civil Rule 53.3 and that the District must file a motion asking this Court to permit use and disclosure of the parties' dispute resolution communications. To date, the District has not sought an order pursuant to Local Civil Rule 53.3. Accordingly, on June 26, 2025, Plaintiffs filed a motion to strike the portions of the District's brief and other documents filed in support of its Motion to Enforce Settlement to the extent that they use or disclose the parties' dispute resolution communications. *See* ECF No. 43. Plaintiffs specifically oppose the District's use of the communications at the settlement conference, as well as concessions, agreements, and/or proposals attributed to Plaintiffs to support the District's meritless Motion to Enforce Settlement. But if the Court finds that there is a good cause to permit such use under Local Civil Rule 53.3, then the filings should not be sealed, for the reasons set forth *infra*.

## ARGUMENT

### A. The Common Law Presumption of Public Right of Access to Judicial Records Applies to the Motion to Enforce and Supporting Documents.

The Third Circuit has repeatedly held that "the public holds a common law right of access to judicial proceedings and judicial records." *Mesabi Metallics Co. LLC v. Cleveland-Cliffs, Inc. (In re ESML Holdings Inc.)*, 135 F.4th 80, 93 (3d Cir. 2025) (quoting *Republic of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 659 (3d Cir. 1991)). The common law "presumes that the public has a right of access to judicial materials" in both criminal and civil cases. *Avandia*, 924 F.3d at 672. The public's right of access includes the ability to "inspect and copy public records and documents, including judicial records and documents," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), and "its purpose is to 'promote[] public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court.'" *Leap Sys. v. Moneytrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 677-78 (3d Cir. 1988)).

The scope of this common law right "turns on whether [a particular document] is considered to be a 'judicial record,'" and the Third Circuit has defined judicial records as "document[s] that 'ha[ve] been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *In re ESML Holdings Inc.*, 135 F.4th at 93 (quoting *Avandia*, 924 F.3d at 672). Filing a document "clearly establishes such status." *Avandia*, 924 F.3d at 672 (quoting *In re Cendant Corp.*, 260 F.3d at 192); *see also Leap Sys.*, 638 F.3d at 220 ("[A] 'strong presumption' in favor of accessibility attaches to almost all documents created in the course of civil proceedings."). Here, the District submitted its brief and related documents in support of the Motion to Enforce Settlement to the Court for the purpose of seeking the Court's adjudication of its Motion. There is thus no question the District's brief and

related documents filed in support of its Motion to Enforce Settlement are judicial records within the scope of the common law presumption of access.

**B. The District Failed to Meet its Burden to Overcome the Common Law Presumption of Public Right of Access to Judicial Records.**

"The party seeking to overcome the presumption of access bears the burden of showing 'that the interest in secrecy outweighs the presumption.'" *Avandia*, 924 F.3d at 672 (quoting *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). To meet that burden, the moving party must demonstrate "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re ESML Holdings Inc.*, 135 F.4th at 93-94 (quoting *Avandia*, 924 F.3d at 672). The District Court must then "articulate 'the compelling, countervailing interests to be protected,' make 'specific findings on the record concerning the effects of disclosure,' and 'provide[] an opportunity for interested third parties to be heard.'" *Avandia*, 924 F.3d at 672-73 (quoting *In re Cendant Corp.*, 250 F.3d at 194); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993) ("[C]areful factfinding and balancing of competing interests is required before the strong presumption of openness can be overcome by the secrecy interests of private litigants."). "To that end, the District Court must 'conduct[] a document-by-document review' of the contents of the challenged documents.'" *Avandia*, 924 F.3d at 673 (quoting *Leucadia, Inc.*, 998 F.2d at 167).

The District has failed to show that the brief and related documents filed with this Court in support of its Motion to Enforce Settlement contain the kind of information that courts will protect or that disclosure will work a clearly defined and serious injury to the party seeking closure. The only rationales the District provides for sealing its brief and related documents are its concerns that "this public filing would [] violate the Court's Order or [] imperil the settlement

agreement in this matter." ECF No. 41, at 4. Neither of those concerns outweighs the public's interest in access.

First, as explained above, Local Civil Rule 53.3 prohibits the use or disclosure of dispute resolution communications. The Court's verbal confidentiality order regarding the parties' communications during the January 16, 2025, settlement conference was presumably issued pursuant to that rule. Local Civil Rule 53.3 contains no exception permitting parties to use or disclose dispute resolution communications if they file them under seal. If the District wishes to use dispute resolution communications in support of its Motion to Enforce, then it must show good cause why the Court should allow the parties to use or disclose those communications. Without such an order, the District cannot use or disclose those communications, regardless of whether they are filed under seal. The District's motion for leave to file under seal is thus premature and insufficient to protect the confidentiality of the parties' dispute resolution communications.

The District's other stated concern—that public filing would imperil the alleged settlement agreement in this matter—is plainly inadequate to overcome the public right of access. The public right of access takes precedence over the judicial policy of promoting the settlement of litigation. *See Bank of Am.*, 800 F.2d at 344-346 (acknowledging the strong public interest in encouraging the settlement of private litigation, but finding that settlement agreements submitted to a federal court for review are subject to the presumption of public access). The U.S. District Court for the District of New Jersey recently rejected a similar justification proffered by a plaintiff seeking to enforce an alleged settlement agreement. *Nat'l Distribution Centers, LLC v. BaronHR W., Inc.*, No. 22-CV-00554, 2023 WL 2159154, at *3 (D.N.J. Feb. 22, 2023). The court held that the plaintiff's concern that disclosing the terms of the settlement agreement could

potentially constitute a breach of a material term did not support sealing the underlying documents. *Nat'l Distribution Centers, LLC v. BaronHR W., Inc.*, No. 22-CV-00554, 2023 WL 2159154, at *3 (D.N.J. Feb. 22, 2023) ("Even assuming disclosure would jeopardize the enforceability of the parties' unconsummated agreement, more is necessary to seal court records").

Here, the interest in public disclosure is even stronger because the party seeking to "benefit[] from the order of confidentiality is a public entity" and the judicial records at issue "involve[] matters of legitimate public concern," namely a public school district's claim that it entered into a binding settlement agreement without approval of its school board. *Leap Sys.*, 638 F.3d at 222-23. The District's representation that cases in this jurisdiction have "recognized the importance of preserving confidentiality provisions where the parties to a settlement agreement mutually agree to such provisions," ECF No. 41, at 3, finds no support in the cited cases. *Bright v. First Sr. Financial Grp.* merely states in a footnote that "Exhibit 1 ('the Settlement Agreement') will be filed under seal in order to ensure that this Court does not disturb the confidentiality of the agreement" without examining the public's right of access. *See* No. 12-cv-360, 2013 WL 3196392, *7 n.14 (E.D. Pa. June 24, 2013). And while the other case cited by the District, *Doe v. Shapiro*, did make a specific finding there were "genuine privacy" concerns that outweighed the public's interest in access, the document sought to be sealed was a motion for summary judgment, not a settlement agreement. 852 F. Supp. 1256, 1257 (E.D. Pa. 1994) (granting motion made by mutual assent of parties to seal summary judgment motion containing "a great deal of personal information which may make it more likely that a reader would recognize the [pseudonymous] plaintiff").

The District's concern that "[t]he public filing of the District's brief in support of its Motion to Enforce Settlement Agreement and the Declarations of Stephen Nelson and Beth N. Shore would make [a] private matter a public one," ECF No. 41 at 4, is of no moment: In seeking the assistance of this Court to determine whether the parties had an enforceable settlement agreement, the District chose to seek "recourse to the court" to settle the parties' disagreements and is therefore "no longer entitled to invoke the confidentiality ordinarily accorded settlement agreements." *Bank of Am.*, 800 F.2d at 344-45.

Since there is no "clearly defined and serious injury to the party seeking closure," and the public's interest in disclosure is strong, the District cannot overcome the exacting common law right of access. *Avandia*, 924 F.3d at 672.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to File Brief in Support of Defendant, the Souderton Area School District's, Motion to Enforce Settlement and Supporting Documents Under Seal.

Dated: June 30, 2025

Respectfully Submitted,

*/s/ Sara J. Rose*

Sara J. Rose
PA Bar No. 204936
ACLU OF PENNSYLVANIA
P.O. Box 25308
Pittsburgh, PA 15222
srose@aclupa.org

Solomon Furious Worlds
PA Bar No. 333677
Kirsten M. Hanlon
PA Bar No. 336365
ACLU OF PENNSYLVANIA
P.O. Box 60173

Philadelphia, PA 19102
sfworlds@aclupa.org
khanlon@aclupa.org

Joy Ramsingh
PA Bar No. 326874
Emily Morgan
PA Bar No. 335485
RAMSINGH LEGAL, PLLC
336 Cumberland Street, Suite W
Lebanon, PA 17042
joy@ramsinghlegal.com
emily@ramsinghlegal.com