IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SOUDERTON AREA FOR ALL**, *et al.*, | : | **CIVIL ACTION** |
| Plaintiffs, | : | |
| v. | : | **NO. 24-6202** |
| **SOUDERTON AREA SCHOOL DISTRICT**, | : | |
| Defendant. | : | |

## ORDER

**AND NOW,** this 2nd day of February, 2026, upon consideration of Defendant's Motion to Enforce the Settlement Agreement (ECF No. 37), and Plaintiffs' Motion to Strike Defendant's Motion to Enforce (ECF No. 43), the responses thereto and the testimony provided at the hearings before the Court on January 9 and 15, 2026, it is hereby **ORDERED** that:

1. Plaintiffs' Motion to Strike (ECF No. 43) is **DENIED.**

2. Defendant's Motion to Enforce (ECF No. 37) is **GRANTED** on the independent equitable basis of promissory estoppel. The Court does not enforce the parties' settlement as a contract; rather, it enforces the core settlement promises to the extent necessary to avoid injustice caused by reliance.

3. Defendant shall continue its policy and practice of livestreaming School Board meetings and archiving recordings in the manner currently implemented and shall maintain that practice for at least five (5) years from the date of this Order.

4. Defendant shall maintain the rescission of the cease-and-desist letters previously issued to Plaintiffs (as described in the record). Defendant shall not reissue the rescinded cease-

and-desist letters or substantially similar directives based on the same underlying conduct that precipitated those letters, except as permitted by law and consistent with this Order.

5. Designated Demonstration Area.

(a) Defendant shall provide and maintain a designated outdoor gathering/demonstration area adjacent to (or in the immediate vicinity of) the District's administrative offices building consistent with the location reflected in Defendant's performance to date.

(b) The Court does not impose additional design specifications beyond the obligation stated above. Defendant's provision and maintenance of the designated area shall be consistent with applicable law.

(c) Defendant shall complete any remaining construction or installation work Defendant agreed to complete to make the designated area functional for its intended use (including any work already identified by Defendant in estimates introduced at the hearing) and consistent with any applicable code provisions by the end of the 2025-2026 school year.

6. Defendant shall ensure payment of attorneys' fees and costs by its insurance carrier to Plaintiffs' counsel in the amount of $63,000, within ten (10) business days of Defendant's receipt of a W-9 from the ACLU of Pennsylvania.

7. Dismissal and Releases.

(a) Within seven (7) days after Defendant completes the obligations in Paragraphs 3–6, Defendant shall file a notice certifying completion.

    (b)    Within seven (7) days after Defendant's notice of completion, the Parties shall comply with the confidential terms set forth in the Sealed Supplemental Order dated February 2, 2026.

    (c) Within seven (7) days after compliance with the confidential terms contained in the Sealed Supplemental Order, Plaintiffs shall:

        i. file a notice under seal certifying completion;

        ii. file a stipulation of dismissal with prejudice under Fed. R. Civ. P. 41(a)(1)(A)(ii); and

        iii. execute and deliver releases consistent with the settlement framework reflected in the parties' negotiations and the Court's Memorandum.

    (d)    If the parties dispute the form of releases, they shall meet and confer in good faith within seven (7) days; failing agreement, either side may move for entry of a form of release limited to the claims in this action, and the Court will resolve the dispute consistent with the Memorandum.

    8.    Except as expressly set forth above, the Court does not order performance of additional disputed terms (including any press release provision or any term restricting criminal complaints), and nothing in this Order shall be construed to impose such obligations.

    9.    The parties shall file a joint status report on March 4, 2026, and every 30 days thereafter until dismissal is filed, addressing compliance with Paragraphs 3–7 and identifying any remaining disputes requiring Court intervention.

10. The Court retains jurisdiction to enforce and interpret this Order and to resolve any implementation disputes necessary to effectuate the equitable relief granted herein. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381–82 (1994).

11. Defendant's request for attorneys' fees is **DENIED.**

BY THE COURT:

_____
Hon. Mia R. Perez